LEMMON, Judge.
This is a suit on a promissory note. After a trial on the merits, the district court found defendant had not proved her affirmative defense of payment or setoff and rendered judgment in favor of plaintiff. Hence this appeal.
Defendant admitted that plaintiff had advanced her sums ■ of money over a period of time to ward off homestead foreclosure on certain immovable property and for other purposes, and that these sums constituted consideration for the note sued upon in this case. However, defendant contends plaintiff entered into two separate agreements to purchase property belonging to defendant and that plaintiff advanced the sums to defendant in lieu of depositing earnest money on the purchase contracts.
Nevertheless, defendant admitted the first sale was never consummated, because of failure to obtain the homestead loan upon which the contract was conditioned, and the second contract occurred long after defendant executed the note. Furthermore, plaintiff denied entering into the alleged second agreement, and the trial judge stated he believed this testimony.
After reviewing the record, we agree the affirmative defenses were not proved.
Defendant also contends she requested certain admissions of fact, which the plaintiff denied in vague terms, and argues that the trial judge erred in failing to take these facts as admitted. Perhaps plaintiff’s denial lacked the specificity required by C.C.P. art. 1496, but even if we accept these facts as true, we conclude the defense was not proved. The only pertinent fact requested for admission concerned the verbal purchase agreement allegedly struck long after the promissory note was executed. Even if defendant waived a deposit because of her existing indebtedness to plaintiff, defendant proved no circumstances which would entitle her to retain such a deposit and thus set off the amount of such deposit against the amount of the promissory note.
Finally, defendant contends the trial judge, by improperly denying her motion for new trial, prevented her from subpoenaing witnesses who would have proved the contracts were “definitely an offset to the note.” Inasmuch as defendant neither made nor attempted any showing as to why these witnesses could not have been subpoenaed for the original trial, we conclude the defendant was not entitled to a new trial as a matter of right, C.C.P. art. 1972(2), and the trial judge did not abuse his discretion in denying the new trial. C. C.P. art. 1973.
The judgment is affirmed.
Affirmed.